E-FILED
Monday, 07 February, 2005   10:10:32 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-20033 |
| ) | |
| LARRY D. BELL, ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S COMMENTARY ON
## SENTENCING FACTORS

The United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Richard N. Cox, Assistant United States Attorney, respectfully submits this commentary on sentencing factors:

1. The government has no objections to the revised Presentence Report (PSR) or its calculations of the applicable advisory sentencing guideline range.

2. Thus, the government concurs that the Sentencing Guideline range for the defendant is 188-235 months, based on a total offense level of 31 and a criminal history category of VI. This range is based on a determination that the defendant is a "Career Offender" pursuant to U.S.S.G. § 4B1.1.

3. With regard to the defendant's legal objections to the PSR, the government will address them individually.

4. First, the defendant claims that the designation of "Career Offender" does not apply to him because he did not admit any of the predicate convictions supporting such designation at the time of his guilty plea. Because *United States v. Booker*, 125 S.Ct. 738 (2005) held that the Sentencing Guidelines are advisory rather than mandatory, the government submits there is no legal significance to this claim. Nothing in *Booker* remotely suggests that the underlying convictions supporting designation as a Career Offender must be proven beyond a reasonable doubt to a jury or admitted by a defendant in order to be utilized to ascertain an advisory guideline range.[1] Further, since *Booker* is merely an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which specifically held that the fact of a prior conviction was not a sentencing fact required to be proven to a jury beyond a reasonable doubt, and nothing in *Booker* undermines that holding, the defendant's objections in this regard must be rejected.

5. Next, the defendant claims that the prior conviction used to raise the statutory maximum penalty from 20 years of imprisonment to 30 years, also was not submitted to a jury or admitted by the defendant and thus runs afoul of *Booker*. For the reasons set forth above, the fact of a prior conviction is not required to be determined by a jury. Nothing in *Booker* suggests otherwise.[2]

---

[1]If the defendant truly contests the fact of these convictions, the government will be prepared to prove their existence at sentencing.

[2]The government notes that in any event the defendant admitted in his plea agreement (¶6) that he had at least one prior felony drug conviction and was subject to a maximum of 30 years of imprisonment.

2

6. Finally, the defendant claims that the burden of proof regarding sentencing factors is, in the wake of *Booker*, now one of beyond a reasonable doubt. There is simply nothing in *Booker* which suggests any such thing. Indeed, it would be an absurd result to have a sentencing system in which the factors establishing non-binding guidelines must be determined beyond a reasonable doubt. Recently, the Seventh Circuit summarized *Booker's* holding as follows:

> The remedial portion of *Booker* held that decisions about sentencing factors will continue to be made by judges, **on the preponderance of the evidence**, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application.

*United States v. McReynolds*, No. 04-2520, 2005 WL 237642 *2 (7th Cir. Feb. 2, 2005) (emphasis added). Clearly, the Seventh Circuit does not believe that *Booker* changed the burden of proof regarding contested sentencing factors.

        Respectfully submitted,

        JAN PAUL MILLER
        United States Attorney


        s/ RICHARD N. COX
        RICHARD N. COX
        Assistant United States Attorney
        United States Attorney
        201 S. Vine St., Suite 226
        Urbana, IL 61802
        217/373-5875
        FAX: 217-373-5891
        richard.cox@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Tiffani D. Johnson
>Assistant Federal Defender
>300 W. Main Street
>Urbana, IL 61802

>s/ RICHARD N. COX
>RICHARD N. COX
>Assistant United States Attorney
>United States Attorney
>201 S. Vine St., Suite 226
>Urbana, IL 61802
>217/373-5875
>FAX: 217-373-5891
>richard.cox@usdoj.gov