IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | Case No. 04-cr-20033 |
| ) | |
| **LARRY D. BELL,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Larry D. Bell's pro se motion (d/e 68) and amended motion for compassionate release (d/e 70) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motions are GRANTED.

## I. BACKGROUND

On October 8, 2004, Defendant Larry Bell pled guilty to Count 1 of the Indictment for distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On February 9, 2005, Defendant was sentenced to 169 months of imprisonment and a 6-year term of supervised release.

On February 22, 2018, Defendant began his term of supervised release.  On June 25, 2018, a petition to revoke was filed based on Defendant possessing a controlled substance, namely cocaine, on May 22 and June 6, 2018, failure to report as directed on June 12, 2018, and failure to participate in substance abuse treatment and testing on June 6 and 18, 2018.  A supplemental petition to revoke was filed on January 7, 2019, for committing aggravated battery.  Another supplemental petition to revoke was filed on February 19, 2019, for committing aggravated battery against a peace officer.  On May 1, 2019, Defendant's supervised release was revoked for the aforementioned conduct and was sentenced to 33 months' imprisonment and a 3-year term of supervised release.  Defendant is currently serving his sentence at USP Lee, and he has a projected release date of May 12, 2021.

On July 16, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  See d/e 68.  On July 23, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed.  See d/e 70.  Defendant seeks compassionate release due to the COVID-19

pandemic.

On July 27, 2020, the Government filed a response opposing Defendant's motion.  See d/e 71.  The Government argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction in his sentence and the factors set forth in 18 U.S.C. § 3553(a) do not warrant release.

On August 13, 2020, a hearing was held on Defendant's motion where the Court heard from Defendant and counsel.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the

enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Court concludes that § 3582(c)(1)(A) does not require the Court to wait to consider a compassionate release request if there is a credible claim of serious and imminent harm from this pandemic.

That does not mean the Court will waive the exhaustion requirements in all cases. The decision must be made on a case-by-case basis.

In this case, Defendant argues that he submitted a request to the warden of his facility in April 2020, more than 30 days ago, but did not receive a response. See d/e 70, p. 3. At the hearing, Defendant stated that he has submitted two more requests. The Government disagreed, stating that BOP has no record of receiving a request. See Response, d/e 71, p. 7. It is possible that the request may have been lost or BOP has simply not reviewed the request due to the constraints and limitations created by the pandemic. Therefore, the Court finds that Defendant has met the 30-day requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

The Court must consider whether "extraordinary and compelling reasons warrant such a reduction" and is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers

for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Social distancing can be difficult for individuals living or working in a prison.

In total, BOP has "1,208 federal inmates and 560 BOP staff who have confirmed positive test results for COVID-19 nationwide," and there have been 111 inmate and 1 staff member deaths as a result of COVID-19.  Id.   As of August 13, 2020, USP Lee has COVID-19 at the facility as 3 staff members currently have the disease and 2 staff members have recovered.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed August 13, 2020).  The Court finds that USP Lee is seriously undertesting its inmates as the facility houses 1,250 inmates the USP and only 181 inmates have been tested.  See COVID-19 Inmate Test Information, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed August 13, 2020).

Defendant is a 46-year African American male who has type 2 diabetes and has a BMI of 31.7 as he is 6' and 234 pounds, which renders him obese.  See d/e 72; Adult BMI Calculator, CDC

https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last accessed August 13, 2020). Defendant's medical records show that he had untreated diabetes for some time. At the hearing, Defendant notified the Court that three weeks ago he was finally diagnosed with type 2 diabetes and was placed on diabetes medication. The CDC has classified type 2 diabetes and obesity as placing Defendant at an increased risk serious illness if he contracts COVID-19. See People at Any Age with Underlying Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed August 13, 2020) ("People of any age with the following conditions are at increased risk of severe illness from COVID-19:. . . Obesity (body mass index [BMI] of 30 or higher) . . . Type 2 diabetes mellitus."). The Court finds that Defendant's medical conditions place him at great risk of serious illness or death if he contracts COVID-19.

The Court must also reconsider the factors set out in 18 U.S.C. § 3553(a). Defendant Bell is currently serving a 33-month term of imprisonment. Defendant's projected release date is May

12, 2021, leaving fewer than 9 months remaining on his imprisonment sentence.  The Court has reconsidered the factors in § 3553(a) and concludes that they entitle Defendant to compassionate release.

The Court also considers whether Defendant is a danger to the safety of any other person or to the community.  See U.S.S.G. § 1B1.13.[1]  If Defendant quarantines himself at his new place of residence away from any other household members, that will diminish the risk of spreading the virus.  Otherwise, the Court does not find that Defendant poses a danger to the community.

The Court, taking all the relevant facts into account, finds that Defendant has established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment, and the Court finds that compassionate release is appropriate in this case.

---

[1] Section 1B1.13 of the Sentencing Guidelines has not been amended to reflect the First Step Act's amendment to 18 U.S.C. § 3582(c)(1)(A).  As it stands, § 1B1.13 refers to a reduction "upon the motion of the Director of the Bureau of Prisoners."  No policy statement provides guidance for when a defendant files a motion.  Nevertheless, the Court considers § 1B1.13.

### III. CONCLUSION

For the reasons set forth above, Defendant Larry Bell's pro se motion (d/e 68) and amended motion for compassionate release (d/e 70) are GRANTED.  The Court hereby reduces Defendant's term of imprisonment from 33 months to time served plus 72 hours in order to allow BOP to test Defendant for COVID-19 and for Defendant to arrange transportation.

The Court modifies Defendant's conditions of supervised release to require Defendant to spend 6 months in home confinement, with the first 14 days to be spent in isolation.  The home confinement shall start as soon as possible after his term of supervised release begins.  Defendant shall be monitored by telephonic monitoring as approved by the United States Probation Office.  All other aspects of Defendant's sentence shall remain the same.

The Bureau of Prisons is ORDERED to immediately test Defendant for COVID-19.  The Bureau of Prisons is also ORDERED to release Defendant once he has tested negative for COVID-19.  The Clerk is DIRECTED to send a copy of this Opinion to USP Lee.  Defendant must self-quarantine for a period of 14 days beginning at

the time of his release, including while he travels from his BOP facility to his new residence. Defendant shall travel to his new residence in a vehicle with three-row seating that allows him to follow the CDC's social distancing guidelines, which include staying at least six feet from others and wearing a face mask and gloves.

ENTER: August 13, 2020

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
